UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN JONES,

    Plaintiff,

  v.

J. BUCKMAN

    Defendant.

No. 2:18-cv-0054-EFB P

ORDER

Plaintiff, who is proceeding pro se in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF Nos. 2, 8).

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1 | matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*
2 | *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction
3 | of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of
4 | subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*
5 | *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6 |     II.    <u>Analysis</u>

7 |     Plaintiff alleges that, on January 26, 2017, he attempted to flee from Defendant Buckman,
8 | who was employed as a Sheriff's Deputy with El Dorado County. ECF No. 1 at 3. Plaintiff does
9 | not state why Buckman was attempting to arrest him. Regardless, after some indeterminate
10 | period of time, plaintiff "realized the stupidity of [his] initial reaction" and stopped running. *Id.*
11 | He allegedly placed his hands in the air and told Buckman he was giving himself up. *Id.*
12 | Nevertheless, Buckman allegedly discharged his taser three times as he approached plaintiff. *Id.*
13 | The first taser shot struck plaintiff "strait (sic) in the heart" and he states that he "thought [he] was
14 | going to have a heart attack." *Id.* The second embedded in his rib cage and plaintiff claims he
15 | had to have it removed at a subsequent hospital visit. *Id.* It is unclear if the third shot struck
16 | plaintiff.

17 |     Plaintiff's allegations then shift to his county court proceedings. He alleges, in conclusory
18 | fashion, that he is being "railroaded" in those proceedings and he fears that he cannot get a fair
19 | trial at the county level. *Id.* Finally, he claims that he has been unable to get an attorney to
20 | appear in court on his behalf. *Id.* at 4.

21 |     It is unclear if Buckman's alleged use of excessive force is in any way related to the
22 | alleged deficiencies in county proceedings. Further, plaintiff has marked the "retaliation" box on
23 | the complaint form (*id.* at 3), but it is unclear who is retaliating against him and for what alleged
24 | purpose. It appears that plaintiff is attempting to proceed on unrelated claims against separate
25 | defendants in a single case, which he may not do. *See George v. Smith*, 507 F.3d 605, 607 (7th
26 | Cir. 2007). And, to the extent he is alleging that defendant Buckman is responsible for the
27 | deficiencies in his ongoing criminal proceedings, those claims are barred by the abstention
28 | doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). That doctrine, set forth in *Younger*,

prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir.1986).

Plaintiff's complaint will be dismissed with leave to amend. If he elects to amend, plaintiff should explain: (1) whether his excessive force claims against Buckman and his claims regarding his criminal proceedings are related; and (2) whether he is pursuing a retaliation claim and whom that claim is against.

## Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

4

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this order may result in dismissal of this action.

DATED: March 14, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE